UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-212 (JRT/LIB)

United States of America,

        Plaintiff,

v.                              **ORDER OF DETENTION**

David Brian Donnell, Jr.,

        Defendant.

This matter came before the Court for a detention hearing on January 24, 2022, based on Defendant David Brian Donnell, Jr.'s oral Motion to reopen the issue of detention and for his pretrial release. Defendant appeared in custody and was represented by his attorneys, Manny K. Atwal and Keala C. Ede. The United States was represented by Assistant United States Attorneys Melinda A. Williams and Joseph S. Teirab.

Defendant is charged by Indictment with one count of first degree murder in violation of 18 U.S.C. §§ 1111, 1151 and 1153(a); four counts of assault with intent to commit murder in violation of 18 U.S.C. §§ 113(a)(1), 1151, and 1153(a); four counts of assault with a dangerous weapon in violation of 18 U.S.C. §§ 113(a)(3), 1151, and 1153(a); one count of discharging, carrying, and using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and one count of being an unlawful controlled substance user in possession of firearms in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). (Indictment [Docket No. 13]).

At a prior detention hearing on August 3, 2021, Defendant had waived his right to a hearing on the matter of detention, reserving the right to raise the issue of detention at a later time. Defendant was subsequently ordered detained pending trial.

At the January 24, 2022, hearing, Defendant's counsel orally moved to reopen the issue of Defendant's pretrial detention so that he could seek pretrial release to a halfway house. The United States opposed this motion.

Title 18 U.S.C. § 3142(f)(2) provides that a detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists <u>that was not known to the movant at the time of the hearing</u> and that has a <u>material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required</u> and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2) (emphasis added). For the reasons previously announced during the January 24, 2022, Motions hearing, the undersigned finds that Defendant has failed to demonstrate the showing necessary to reopen the issue of his detention. Each of the arguments raised by Defendant in support of the present oral Motion existed at the time of his initial detention hearing. Defendant has failed to highlight any new information which was not known to the Defense at the time of Defendant's initial detention hearing. This represents a sufficient basis to deny Defendant's present, oral Motion. Nevertheless, as the undersigned discussed at the January 24, 2022, Motions Hearing, the Government did not raise this issue, and the Court therefore considers the issue waived. Thus, the Court will consider the merits of Defendant's oral Motion for pretrial release.

In considering Defendant's oral motion for release from pretrial detention, the Court evaluates whether any condition or combination of conditions will reasonably assure Defendant's appearance at future Court proceedings as required, as well as, the safety of any other person and the community, if he is released. 18 U.S.C. § 3142(e); <u>United States v. Abad</u>, 350 F.3d 793, 797 (8th Cir. 2003); <u>United States v. Sazenski</u>, 806 F.2d 846, 848 (8th Cir. 1986).

2

Because Defendant is charged with a count of discharging, carrying, and using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii), a rebuttable presumption arises that no condition or combination of conditions will reasonably ensure Defendant's appearance in Court as required or the safety of the community. See, 18 U.S.C. § 3142(e)(3)(A). The existence of this presumption places upon Defendant a "limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." Abad, 350 F.3d at 797.

"Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." Id. Other factors to be considered are (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a firearm; (2) the weight of the evidence against the person; (3) the history and characteristics of the defendant, including such things as the defendant's character, mental condition, community ties, past conduct, criminal history, and whether the defendant was under a criminal justice sentence or supervision at the time of the offense; and (4) the nature and seriousness of the danger to any person or the community posed by the defendant's release. 18 U.S.C. § 3142(g).

In the present case, the Court finds that Defendant has rebutted the assumption in favor of detention. Defendant's request to be released to a halfway house rebuts the assumption in favor of detention.

Nevertheless, the Court also finds that the Government has met its burden of showing by clear and convincing evidence that there are no conditions or combination of conditions that would

reasonably assure either the safety of the community, if Defendant were to be released from pretrial detention.

Under 18 U.S.C. § 3142, pretrial detention may be ordered if the Government shows by clear and convincing evidence that release will result in a danger to the community, or if the Government shows by a preponderance of the evidence that release will result in a serious risk of flight. United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986). The Government need not prove both.

In the present case, the Court finds that the Government has meet its burden of showing by clear and convincing evidence that there are no conditions or combination of conditions that will reasonably assure the safety of the community, if Defendant were to be released. This finding is based upon all evidence before the Court, including information in the Pretrial Services Report and the argument of counsel. Specifically, the Court notes that the Indictment in the present case provides probable cause that Defendant committed the alleged offenses, and it is unrefuted that a firearm was discharged in the course of the charged conduct. Defendant also has a history of failing to appear as required in Tribal Court for proceedings which carried a significantly shorter sentence than Defendant potentially faces in the present case. Most troubling to the Court is the Defendant's failure to appear at a sentencing proceeding approximately one year ago in Tribal Court. Defendant's maximum sentence there was significantly shorter than the potential sentence Defendant faces here.

For the reasons set forth above, and based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Defendant's oral Motion for pretrial release is **DENIED**;

2. Defendant will remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Defendant shall be afforded reasonable opportunity to consult privately with his lawyers; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which Defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: February 15, 2022                    s/Leo I. Brisbois
                                            Honorable Leo I. Brisbois
                                            United States Magistrate Judge